IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| P.J. THOMPSON, a Minor, by his next of kin, his mother CARLIE WILLIS and father TYLER THOMPSON, and CARLIE WILLIS, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and SOUTHERN ILLINOIS HOSPITAL SERVICES d/b/a MEMORIAL HOSPITAL OF CARBONDALE,<br><br>Defendants. | Case No. 18-CV-1520-NJR-MAB |

# ORDER TO SHOW CAUSE

**ROSENSTENGEL, Chief Judge:**

The Court is aware of the pending motion to dismiss that was filed by Defendant Southern Illinois Hospital Services ("SIHS") when this case was proceeding before Judge Michael J. Reagan (Doc. 13). In March 2019, Judge Reagan retired, and this case was transferred to the undersigned. In the course of reviewing the arguments set forth in the pending motion to dismiss, the undersigned has reviewed the jurisdictional allegations in the Complaint to confirm that subject-matter jurisdiction exists and finds them to be insufficient.

While specific challenges to a Court's subject-matter jurisdiction may be raised by the parties, the Court also has an independent obligation to determine whether it has subject-matter jurisdiction over a given case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

583 (1999); *see also Ricketts v. Midwest National Bank,* 874 F.2d 1177, 1181 (holding that a district court's obligation to review its own jurisdiction exists independent of assertions from parties). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

On August 20, 2018, Plaintiffs filed a Complaint in this Court alleging a medical negligence action arising under the Federal Tort Claims Act ("FTCA") Ch 646, 62 Stat. 929 (1948) (Doc. 2, p. 2). Plaintiffs' Complaint conclusively asserts that "[t]his Court has subject-matter jurisdiction over Dr. Paul J. Cruz, M.D. and Christopher Greater Area Rural Health Planning Corporation ("CGRHPC") pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 2671 *et. seq.,* commonly known as the Federal Tort Claims Act" (*Id.*). Plaintiffs do not specifically name Dr. Cruz or CGRHPC as defendants, presumably because the Federal Tort Claims Act functionally substitutes the United States of America ("USA") as a defendant for certain entities, and employees that are deemed to be federal employees for purposes of certain tort actions (*Id.*). Plaintiffs' Complaint also asserts supplemental jurisdiction over SIHS pursuant to 28 U.S.C. § 1367(a) because the claims asserted form part of the same constitutional case or controversy as the claims brought against "the United States' defendants" (*Id.*).

The Complaint asserts claims against the United States and SIHS based on medical care and treatment rendered to Plaintiff Carlie Thompson, and her son, P.J. Thompson, during his birth. Plaintiffs have attached to their Complaint two affidavits providing

expert medical testimony generally establishing the standard of care and Defendants' deviation from that standard (Doc. 2-1, 2-2).

Section of 224 of the Public Health Service Act provides that certain federally funded entities and their employees are deemed federal employees for the purpose of certain tort actions, including medical malpractice claims. 42 U.S.C. § 233. Any such claims are considered to be claims under the FTCA for which there is exclusive federal jurisdiction. *Id*. The statute provides in pertinent part:

> **(a) Exclusiveness of remedy.**
>
> The remedy against the United States … for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.
>
> \*\*\*
>
> **(g) Exclusivity of remedy against the United States for entities deemed Public Health Service employees; coverage for services furnished to individuals other than center patients; application process; subrogation of medical malpractice claims; applicable period; entity and contractor defined.**
>
> **(1)(A)** For purposes of this section and subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph (4), and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer was made under subsection (k)(3) (subject to paragraph (3))…

42 U.S.C. § 233.

The Secretary of Health and Human Services issued regulations clarifying coverage under § 233(g), including when a funded entity begins to be covered and what acts and omissions are covered. The regulations provide:

**6.5 Deeming process for eligible entities.**

Eligible entities will be covered by this part only on and after the effective date of a determination by the Secretary that they meet the requirements of section 224(h) of the Act. In making such determination, the Secretary will receive such assurances and conduct such investigations as he or she deems necessary.

**6.6 Covered acts and omissions.**

(a) Only acts and omissions occurring on and after the effective date of the Secretary's determination under § 6.5 and before the later date specified in section 224(g)(3) of the Act are covered by this part.

42 C.F.R. §§ 6.5-6.6(a).

Unfortunately, Plaintiffs do not specifically allege that CGRHPC is a federally funded health center and Public Health Service Agency of the United States pursuant to Section 233(g)(1)(A). Upon review of the Health Resources and Services Administration website,[1] the Court has confirmed that CGRHPC is currently an FTCA Deemed Health Center. The website also seems to indicate, however, that CGRHPC's coverage began on January 1, 2017. Health Resources and Services Administration, "Federal Tort Claims Act Search Tool," https://data.hrsa.gov/tools/ftca-search-tool (visited December 19, 2019). Plaintiffs' claims against Dr. Cruz and CGRHPC are based solely on negligent acts and omissions that occurred between January 14, 2016 and January 16, 2016 (Doc. 2, pp. 3-7).

---

[1] The website identifies all the health centers that by virtue of receiving funds through the Health Center Program may be deemed as employees of the Public Health Service for purposes of Federal Tort Claims Act coverage.

Regulation 6.6(a) makes it clear that only acts and omissions occurring on and after the effective date are covered by the FTCA. Thus, regardless of Dr. Cruz acting within the scope of his employment, it appears that the alleged negligent acts and omissions occurred prior to his employer, CGRHPC, being an FTCA Deemed Health Center.

Nonetheless, the Court recognizes that the above-mentioned website is only a "search tool" and may not provide conclusive information as to whether CGRHPC was a FTCA Deemed Health Center on the dates in question. For the reasons set forth above, Plaintiffs are **ORDERED** to **SHOW CAUSE** on or before **January 3, 2020**, as to why this Court has subject matter jurisdiction over this action. Defendants may file a response within **seven days** thereafter. If Plaintiffs fail to file a response to this Order, or fail to establish that subject matter jurisdiction exists, the Court will dismiss this matter for lack of jurisdiction. *See Metcalf v. West Suburban Hosp.*, 912 F. Supp. 382, 388 (N.D. Ill. 1996) (holding that federal court lacks original jurisdiction under the FTCA when alleged negligent acts and omissions of healthcare center occur outside of its FTCA deemed period).

**IT IS SO ORDERED.**

DATED:  December 20, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**