IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| P.J. THOMPSON, a Minor, by his next of kin, his mother CARLIE WILLIS and father TYLER THOMPSON, and CARLIE WILLIS, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and SOUTHERN ILLINOIS HOSPITAL SERVICES d/b/a MEMORIAL HOSPITAL OF CARBONDALE,<br><br>Defendants. | Case No. 3:18-CV-1520-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 13). For the reasons set forth below, the Court denies the motion.

## FACTUAL BACKGROUND

On January 14, 2016, Plaintiff Carlie Willis arrived at Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale ("Memorial Hospital") for induction of labor (Doc. 2, p. 3). At Memorial Hospital, Willis was treated by Paul J. Cruz, M.D., who was employed as a physician by Christopher Greater Area Rural Health Planning Corporation ("CGARHP") and at all times was acting within the scope of his employment (*Id.*). At all times mentioned herein, Dr. Cruz was a physician, duly licensed to practice under the law of the State of Illinois and a physician-patient relationship existed between Dr. Cruz, Willis, and her infant P.J. Thompson ("Thompson") (*Id.*).

Upon arriving at Memorial Hospital, Willis was induced through a Pitocin infusion, which began at 21:59 on January 14, 2016, and continued until delivery around 2:46 on January 16, 2016 (Doc. 2, p. 3-5). A fetal heart rate abnormality was first noted at 18:16 on January 15, 2016, and continued to be evident until delivery (Doc. 2, p. 4-5). Delivery was accomplished with vacuum assist at 2:46 on January 16, 2016 (Doc. 2, p. 5). By 22:37 on January 16, 2016, the level of serum lactate in P.J. Thompson's blood was at a critical level of 17, indicative of severe metabolic acidosis (*Id.*). Thompson demonstrated convulsions, a cephalohematoma from birth injury, as well as respiratory distress (Doc. 2, p. 6). Later testing provided evidence of central nervous system damage from hypoxic ischemic encephalopathy (*Id.*).

During delivery at Memorial Hospital, Willis had an episiotomy, which was subsequently repaired by Dr. Cruz (Doc. 2, p. 10). Following discharge from Memorial Hospital, Willis presented to the emergency room at Barnes-Jewish Hospital ("BJH") with a complaint of foul vaginal discharge (*Id.*). At BJH, emergency department personnel located a retained sponge in Willis's vagina (*Id.*). The sponge was just inside the vaginal introitus and was easily removed (*Id.*). Willis was then placed on antibiotic therapy as a result of the infection associated with the retained sponge and suffered recurrent vaginal infections (*Id.*).

## PROCEDURAL BACKGROUND

On January 11, 2018, Plaintiffs filed suit in Illinois state court against several defendants, including Memorial Hospital, alleging medical malpractice (Doc. 16-1). Plaintiffs voluntarily dismissed their state court cause of action on April 10, 2018 (Doc. 16-2).

On August 20, 2018, Plaintiffs filed the instant Complaint with this Court as a medical negligence action arising under the Federal Tort Claims Act (FTCA) (Doc. 2, p.2). Preceding the filing of this Complaint, Plaintiffs timely filed a U.S. Department of Justice Standard Form

95 on or about January 5, 2018, and received correspondence from the U.S. Department of Health and Human Services dated May 3, 2018, tendering a final determination denying the administrative claim, as required by 28 U.S.C. §§ 2401(b), 2675(a) (*Id.*).

Plaintiffs' Complaint asserts this Court has subject matter jurisdiction over Dr. Cruz and CGARHPC pursuant to federal question jurisdiction, 28 U.S.C. §1331, and 28 U.S.C. § 2671 *et. seq.*, otherwise known as the FTCA, which functionally substitutes the United States of America as a defendant (*Id.*). Plaintiffs' Complaint then asserts supplemental jurisdiction over Memorial Hospital pursuant to 28 U.S.C. § 1367(a) because the claims asserted form part of the same case or controversy as the claims brought against Defendant USA (*Id.*).

Plaintiffs assert four counts against Memorial Hospital. Count II claims medical malpractice based on medical care and treatment Memorial Hospital rendered to P.J. Thompson during his birth (Doc. 2, p.3-9). Count IV claims medical malpractice based on medical care and treatment Memorial Hospital rendered to Willis during and after Thompson's birth (Doc. 2, p.3-12, 1-21). Counts VI and VII are claims brought under the Illinois' Family Expense Act seeking to recover medical expenses incurred by Thompson's natural parents, Plaintiffs Carlie Willis and Tyler Thompson, as a result of Memorial Hospital's negligence alleged in Count II (Doc. 2, p. 13-14). In accordance with 735 ILL. COMP. STAT. § 5/2-622, Plaintiffs' Complaint attached two affidavits from medical providers generally establishing the standard of care and Defendants' deviation from that standard (Doc. 2-1, 2-2).

## LEGAL STANDARDS

Memorial Hospital moves to dismiss under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion seeking dismissal under Rule 12(b)(1), a plaintiff must "clearly allege facts demonstrating each element" required to establish he has

standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547. The burden of establishing these three elements falls on the party invoking the court's jurisdiction. *Id.*

Whether a defendant argues that a complaint fails to (1) properly state a claim, or (2) properly plead the elements of standing, courts apply the same analysis. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

In the alternate, Memorial Hospital moves for a more definite statement under Rules 12(e) of the Federal Rules of Civil Procedure. Courts should grant 12(e) motions "only if the

complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994).

<u>ANALYSIS</u>

I.     **Motion to Dismiss Pursuant to Rule 12(b)(1)**

Memorial Hospital argues that the Complaint fails to establish the basis for this Court's subject matter jurisdiction over it. Memorial Hospital asserts that the sole allegation of subject matter jurisdiction over it is to allege that the Court has jurisdiction over Dr. Cruz and Christopher Greater Area Rural Health Planning Corporation (CGRHPC) under the FTCA. Dr. Cruz and CGRHPC, however, are not named Defendants in this case. Furthermore, the Complaint fails to assert any connection between Dr. Cruz and CGRHPC and Memorial Hospital, or any connection between any claim in this case and Defendant United States of America. Accordingly, Plaintiffs have not properly alleged any basis for subject matter jurisdiction over Memorial Hospital under supplemental jurisdiction.

The Court has since found, however, that it has subject matter jurisdiction over Defendant United States of America (Doc. 60). Specifically, the United States has admitted that the available information indicates CGRPHC and Dr. Cruz were deemed employees of the Public Health Service, within the meaning of 42 U.S.C. § 233. Accordingly, the United States of America was properly substituted as a defendant in place of Dr. Cruz and CGRPHC under the FTCA.

Because subject matter jurisdiction is proper over Defendant United States of America, the Court further finds that it has supplemental jurisdiction over Memorial Hospital, as the claims against it stem from the same case or controversy as the claims against Defendant United States of America. *See Riley v. United States*, No. 18 C 4810, 2019 U.S. Dist. LEXIS 83711, at *10 n.2 (N.D. Ill. May 17, 2019) ("…it is appropriate to exercise supplemental

jurisdiction in this case because the state-law claims arise from the same illness and events as the FTCA claim, and therefore all claims form part of the same case or controversy"). The claims against Memorial Hospital therefore go beyond satisfying the same case or controversy requirement. *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) ("[a] loose factual connection is generally sufficient").

In sum, this Court finds that it has subject matter jurisdiction over Defendant Memorial Hospital. Thus, the Court denies the motion to dismiss pursuant to Rule 12(b)(1).

## II.  Motion to Dismiss Pursuant to Rule 12(b)(2)

Memorial Hospital also argues that Plaintiffs failed to establish any basis for this Court's exercise of personal jurisdiction over Memorial Hospital. Memorial Hospital contends that Plaintiffs have not set forth any basis for general personal jurisdiction, as they do not allege whether it maintains its principal place of business in Illinois. Furthermore, Plaintiffs have not set forth any basis for specific personal jurisdiction, as they do not allege any acts or omissions attributable to Memorial Hospital occurred in the State of Illinois and give rise to Plaintiffs' claims.

Personal jurisdiction is proper where it comports with both state law and federal constitutional principles of due process. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). The Illinois long-arm statute provides that an Illinois court may exercise jurisdiction on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). The Seventh Circuit Court of Appeals has suggested that there is no operative difference between Illinois and federal due process limits on the exercise of personal jurisdiction. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citing  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d

1272, 1276 (7th Cir.1997)); *see also Rollins v. Ellwood*, 141 Ill.2d 244, 565 N.E.2d 1302, 1316 (Ill. 1990) (construing the due process guarantee in the Illinois Constitution to mean that "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois"). Thus, the exercise of personal jurisdiction must comport with the due process guarantees of the Fourteenth Amendment. *Id.*

Personal jurisdiction is proper if the defendant has sufficient minimum contacts with the forum state such that the defendant could "reasonably anticipate being haled into court there," and the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Kipp*, 783 F.3d at 697 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Specific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp.*, 471 U.S. at 472–73. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quotation omitted); *Brook*, 873 F.3d at 549.

Here, Plaintiffs allege "[t]hat during 2016 and at all times relevant herein, Memorial Hospital of Carbondale was engaged in the business of offering medical care and services in Jackson County, Illinois" (Doc. 2, p. 12). Plaintiffs further allege "[t]hat on January 16, 2016, [Willis] underwent vacuum assisted vaginal delivery at Memorial Hospital of Carbondale" and was later "discharge[d] from Memorial Hospital of Carbondale" (Doc. 2, p. 10). Plaintiffs further stated, "it was the duty on the part of Memorial Hospital of Carbondale to provide, review and supervise the care, delivery and treatment of its patients by competent and properly skilled personnel, including, but not limited to . . . doctors with privileges, independent contractors, physicians and agents to administer proper and adequate medical care to [Willis]" (Doc. 2, p. 11).

Based on the foregoing, the Court finds that Plaintiffs have sufficiently alleged that Memorial Hospital directed its activities at the State of Illinois and that Plaintiffs' claims result from alleged injuries that arise out of or relate to those activities. Accordingly, the Court finds that it maintains personal jurisdiction over Memorial Hospital and denies the motion to dismiss pursuant to Rule 12(b)(2).

### III.    Motion to Dismiss Pursuant to Rule 12(b)(6)

#### a. Failure to State a Claim for Medical Malpractice Pursuant to Illinois Common Law

Memorial Hospital next argues that Count II of Plaintiffs' Complaint fails to allege the essential elements of a medical malpractice claim (Doc. 16, p. 7-8). Memorial Hospital contends that the Complaint does not allege that P.J. Thompson was a patient of Memorial Hospital, the period during which he was a patient, or the medical care or treatment Memorial Hospital provided to him. As a result, Plaintiffs have not established any basis to conclude Memorial Hospital had a provider-patient relationship with Thompson, that it

owed a duty to Thompson, and/or that it breached that duty.

The Complaint states: "it was the duty on the part of Memorial Hospital of Carbondale to provide, review and supervise the care, delivery and treatment of its patients by competent and properly skilled personnel, including, but not limited to … doctors with privileges, independent contractors, physicians and agents to administer proper and adequate medical care to P.J. Thompson, who came to them for delivery, care and treatment" (Doc. 2, p. 7-8). The Complaint goes on to allege that Memorial Hospital, by and through its employees, agents and/or servants, committed six fact-specific negligent acts or omissions that proximately caused P.J. Thompson's injuries. (*Id.*). Plaintiffs' assertions are additionally bolstered by the physician affidavits, which establish the standard of care and Memorial Hospital's deviation from that standard (Doc. 2-2).

The Court finds that the Complaint, together with the physician affidavits, alleges sufficient facts to assert the elements of a medical malpractice claim that is plausible on its face. Thus, the Court denies Memorial Hospital's motion to dismiss Count II pursuant to Rule 12(b)(6).

### b. Failure to State a Claim Under Illinois' Family Expense Act.

Memorial Hospital argues that because Plaintiffs failed to state a claim for Count II, they subsequently failed to state a claim for recovery on Count VI and Count VIII under the Illinois' Family Expenses Act (Doc. 16, p. 8). As stated above, however, Plaintiffs have stated a claim for medical malpractice in Count II. Accordingly, the Court denies Memorial Hospital's motion to dismiss Counts VI and VIII pursuant to Rule 12(b)(6).

### IV. Motion for More Definite Statement Pursuant to Rule 12(e)

In the alternative, Memorial Hospital argues that Plaintiffs' Complaint is so vague and ambiguous that it cannot reasonably prepare a response (Doc. 16 p. 9). Unfortunately,

however, Memorial Hospital fails to point out the specific defects complained of and details desired as Rule 12(e) requires, asking only that Plaintiffs be required to provide a more definite statement "as it relates to the insufficiencies identified in the Complaint" (*Id.*). Additionally, whatever further information Memorial Hospital seeks can be uncovered through the discovery process. *See Washington v. Association for Individual Development*, No. 09 C 2478, 2009 U.S. Dist. 101591, (N.D. Ill. Oct. 29, 2009) (denying motion for more definite statement because the defendant could probe the exact contours of the plaintiff's allegations through discovery). Thus, the Court denies Memorial Hospital's alternative motion for more definite statement pursuant to Rule 12(e).

## CONCLUSION

For the reasons explained above, Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale's Motion to Dismiss and Alternate Motion for More Definite Statement (Doc. 13) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   January 27, 2020

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**